UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

A.H. ET AL.,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION

Defendant.

**MEMORANDUM AND ORDER**
Case No. 25-cv-00439 (FB) (JRC)

*Appearances:*
*For the Plaintiff:*
DAVID R GRONBACH
Gronbach Law Offices
25 Mine Hill Road
New Milford, CT 06776

*For the Defendants:*
ELIZABETH EDMONDS
JEFFREY S. DANTOWITZ
New York City Law Department
100 Church Street
New York, NY 10007

**BLOCK, Senior District Judge:**

Plaintiff A.H., a child with a disability, by her parents M.H., and M.H., individually (collectively, "Plaintiffs"), filed this action against the New York City Department of Education ("DOE"). Plaintiffs allege that the DOE denied her right to a Free Appropriate Public Education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400 et seq., and N.Y. Educational Law Article 73 and 89. Plaintiffs further allege that the DOE's denial of FAPE constitutes disability discrimination under the Section 504 of the Rehabilitation Act, 29 U.S.C. §794 ("Section 504"), and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. ("ADA").

The DOE moves to dismiss the complaint in its entirety.[1] It moves under Fed. R. Civ. P. 12(b)(1) to dismiss A.H.'s First through Sixth Claims, which seek review of a state administrative decision, and under Fed. R. Civ. P. 12(b)(6) to dismiss A.H.'s Seventh and Eighth Claims, which allege disability discrimination under Section 504 of the Rehabilitation Act and Title II of the ADA. For the following reasons, Defendant's motion is DENIED.

## I. Background

### A. Statutory Framework

Under the IDEA, "[s]tates receiving federal funding [must] make a 'free appropriate public education' (FAPE) available to all children with disabilities residing in the [s]tate." *Forest Grove Sch. Distr. v. T.A.*, 557 U.S. 230, 232 (2009) (citing 20 U.S.C. § 1412(a)(1)(A)). "A FAPE consists of 'special education and related services tailored to meet the unique needs of a particular child[ ]' ... and provided in conformity with an Individualized Education Program, or IEP[.]" *Reyes ex rel. R.P. v. N.Y.C. Dep't of Educ.*, 760 F.3d 211, 214 (2d Cir. 2014) (first quoting *Walczak v. Fla. Union Free Sch. Dist.*, 142 F.3d 119, 122 (2d Cir. 1998); then citing 20 U.S.C. § 1401(9)(D)). An Individualized Education Program ("IEP") is a primary vehicle to provide FAPE. *Honig v. Doe*, 484 U.S. 305, 311 (1988). It sets out the child's present educational performance, establishes annual and short-term objectives for improvement, and describes the specially designed instruction and services that will enable the child to meet those objectives. *Id.* The IDEA requires annual review of the child's progress and needs, and if needed, the creation of a new IEP for the upcoming year. 20 U.S.C. § 1414(d)(2)(A). The IDEA requires states to

[1] Plaintiff's Ninth Claim requests reasonable attorneys' fees pursuant to 20 U.S.C. § 1415(i)(3). Compl. ¶ 205. Although Defendant does not move to dismiss the Ninth Claim, granting Defendant's 12(b)(1) motion would have led to its dismissal as well.

establish an impartial due process hearing for complaints arising from an IEP. 20 U.S.C. § 1415(b).

New York has established a "two-tier system of administrative review." *See* N.Y. Educ. Law § 4404. The first tier of review takes place before an Impartial Hearing Officer ("IHO") appointed by the board of education, and any party unsatisfied with that decision may appeal to a State Review Officer ("SRO"). *See* N.Y. Educ. Law § 4404(1), (2). Any party still aggrieved after the state administrative review process may sue in state or federal court. 20 U.S.C. § 1415(i)(2).

The IDEA contains a separate framework for children who are parentally placed in private schools due to the parents' dissatisfaction with the IEP. *S.B. v. New York City Dep't of Educ.*, No. 15-CV-1869, 2017 WL 4326502, at *2 (E.D.N.Y. Sept. 28, 2017). Parents who do so may seek tuition reimbursements from the DOE. *Id.* (citing to 20 U.S.C. § 1415(b)(6)). The IDEA's due process procedures for IEPs do not apply to these private-school services plans. *Law Off. of Philippe J. Gerschel v. N.Y.C. Dep't of Educ.*, No. 24 Civ. 6303 (MMG) (SDA), 2025 WL 466973, at *2 (S.D.N.Y. Feb. 1, 2025) (citing 34 C.F.R. § 300.140(a)(1)). New York law provides more protection than the federal floor, requiring that the services plan for private-school students, an Individualized Education Service Program ("IESP"), be developed "in the same manner and with the same contents" as an IEP, and applying the same two-tier review process to IESPs. *Gerschel*, 2025 WL 466973, at *2 (quoting N.Y. Educ. Law § 3602-c(2)(b)(1)).

**B. Factual Background**

In 2021, A.H. was recommended four periods per week of Special Education Teacher Support Services ("SETSS") pursuant to her IESP. Compl. ¶ 64. The annual review for the 2022-

2023 school year was not held, and the review for the 2023-2024 school year was not conducted until November 2023. *Id.* ¶¶ 65, 78. As to SETSS, the DOE has chosen to discharge its FAPE responsibility by providing parents with a list of private providers rather than directly providing or funding the recommended services. *Id.* ¶¶ 68-69, 124. The complaint alleges this reflects a DOE-wide policy applicable to all students recommended for SETSS under an IESP, and that no other school district in New York similarly shifts this obligation onto parents. *Id.* ¶¶ 68-69, 89, 123-24, 149, 156. M.H. enrolled A.H. with a recommended private provider that charges $195 per hour for SETSS. *Id.* ¶ 75. M.H. disagreed with the IESP recommendation and sought six periods per week of SETSS. *Id.* ¶¶ 88, 90.

M.H. sought review at the state level, alleging denial of FAPE for the 2023-2024 school year and contesting the 2023 IESP recommendation. *Id.* ¶¶ 96-100. The IHO concluded that four periods per week of SETSS satisfied FAPE, but that the DOE's failure to implement the IESP was a denial of FAPE. *Id.* ¶¶ 104, 105. The IHO ordered partial reimbursement of SETSS at $125 per hour, applying the three-prong *Burlington-Carter* analysis. *Id.* ¶¶ 104-107, 111. M.H.'s appeal to the SRO resulted in an order requiring the DOE to fund A.H.'s SETSS at $125 per hour. *Id.* ¶ 114. A.H. thus requests review of the SRO's ruling, challenging six determinations, including the SRO's calculation of the reimbursement rate and its rejection of A.H.'s claim to six periods per week of SETSS. *Id.* ¶¶ 173-190. A.H. also brings ADA and Section 504 claims[2] alleging that the DOE's SETSS policy discriminates against her on the basis of her disability and seeks a declaratory judgment that the policy is unlawful and an injunction against its continued enforcement. *Id.* ¶¶ 191-203.

[2] The DOE also moves to dismiss "Plaintiffs' claims pursuant to § 1983." The Complaint does not plead a separate cause of action under § 1983; the sole reference appears in the Complaint's general jurisdictional allegations. Compl. ¶ 6. The Court therefore does not separately address this branch of the motion.

The DOE now moves to dismiss the entire complaint for lack of subject matter jurisdiction and for failure to state a claim.

## II. Discussion

### A. The 12(b)(1) Motions (Claims 1-6)

"Subject matter jurisdiction is a threshold issue and, thus, when a party moves to dismiss under ...Rule 12(b)(1) and 12(b)(6), the ... court must address the 12(b)(1) motion first." *Saleh v. Holder*, 84 F. Supp. 3d 135, 138 (E.D.N.Y. 2014).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks statutory or constitutional power to adjudicate it." *Hui Fen Zhu v. McAleenan*, 501 F. Supp. 3d 139, 140 (E.D.N.Y. 2020) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). Plaintiff must show, by a preponderance of the evidence, that subject matter jurisdiction exists. *Id.* "In reviewing a 12(b)(1) motion to dismiss, the court must accept as true all material factual allegations in the complaint, but the court is not to draw inferences from the complaint favorable to [the party asserting jurisdiction]." *Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)). The court may also refer to evidence outside the pleadings, including the administrative record. *Makarova*, 201 F.3d at 113.

a. Judicial Review of SRO Decision

Federal courts have subject matter jurisdiction over "actions and proceedings brought under § 1415" of the IDEA. *Vultaggio ex rel. Vultaggio v. Bd. of Educ.*, 343 F.3d 598, 602 (2d Cir. 2003). An action or proceeding is "brought under" Section 1415 if it is "established by or referenced in" that section. *Id.* The DOE argues that A.H.'s status as a student enrolled in private school places her outside the scope of the procedural protections guaranteed under the IDEA,

and that her entitlement is governed exclusively by New York law. *See* 34 C.F.R. § 300.137(a); N.Y. Educ. Law § 3602-c(2)(b)(1). In support, the DOE relies on *The Law Office of Philippe J. Gerschel v. New York City Department of Education*, No. 24-CV-06303 (MMG), 2025 WL 2778165 (S.D.N.Y. Sept. 30, 2025), which held that the IDEA does not confer federal subject matter jurisdiction over claims challenging a school district's failure to implement services promised in a child's IESP. *Id.* at *4-6. The court reasoned that the IDEA's implementing regulations expressly exclude parentally placed private-school children from Section 1415's due process protections when the dispute concerns "the provision of services indicated on the child's services plan," 34 C.F.R. § 300.140(a)(1), and that New York's enhanced procedural parity for IESPs does not itself create an independent federal question. *Gerschel*, 2025 WL 2778165, at *4-*5 (citing *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734 (2d Cir. 2007)).

Here, unlike *Gerschel*, the complaint alleges the DOE never provided A.H.'s family a public-school alternative in the first instance: rather than itself providing or funding SETSS, DOE policy requires parents to contract privately and bear the cost. Compl. ¶¶ 68-69, 124, 149-151. As alleged, this policy foreclosed any public-school option before A.H. enrolled privately, so her enrollment was not the kind of voluntary election contemplated by 34 C.F.R. § 300.137(a) and addressed in *Gerschel*. *Id.* ¶¶ 68, 70-72. Courts in this circuit have recognized that where a claim goes beyond the adequacy of services under an existing plan and instead concerns whether the DOE satisfied its threshold obligations under the IDEA, the claim can arise under Section 1415. *See, e.g.*, *A.H. v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*, No. 26-CV-05926 (MMG), 2026 WL 2241175, at *4 (S.D.N.Y. Aug. 4, 2026) (finding jurisdiction over pendency claim in an IESP context because pendency rights are themselves "guaranteed by the IDEA," distinct from the services-plan dispute at issue in *Gerschel*).

A.H.'s claim presents an analogous threshold question: whether the DOE satisfied its basic obligation to make SETSS available other than by requiring her family to independently contract and pay for services she is acknowledged to be entitled to. Because the question is whether the SRO's decision, in acquiescing to that policy, interfered with A.H.'s right under Section 1415, the court has subject matter jurisdiction.

To the extent the court finds it lacks federal jurisdiction over any of A.H.'s claims, the court nonetheless exercises supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a), as they arise from the same case or controversy as A.H.'s federal IDEA claim. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

Accordingly, A.H.'s Claims One to Six has federal jurisdiction, and the DOE's motion to dismiss those claims is DENIED.

**B. The 12(b)(6) Motions (Claims 7 & 8)**

"A district court's dismissal for failure to exhaust administrative remedies is reviewed under the standard for failure to state a claim upon which relief can be granted [.]" *J.M. v NY City Dept. of Educ.*, 161 F.4th 149, 149 (2d Cir 2025). To survive a 12(b)(6) motion to dismiss for failure to state a claim, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a motion to dismiss, the court accepts as true all well-pled factual allegations and draws all reasonable inferences in the non-moving party's favor. *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009).

a. <u>Administrative Exhaustion of Section 504 and ADA Claims</u>

Claims brought under Title II of the ADA and Section 504 of the Rehabilitation Act are considered together, since the two statutes are nearly identical. *See McElwee v. Cnty. of Orange*,

700 F.3d 635, 640 (2d Cir. 2012). Such claims are subject to the IDEA's exhaustion requirement when they seek relief that is also available under the IDEA. *Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 165 (2017). Because the gravamen of A.H.'s suit is the denial of FAPE, the exhaustion requirement presumptively applies to her ADA and Rehabilitation Act claims. *Id.* It is undisputed that A.H. did not separately exhaust these claims.

Exhaustion may nonetheless be excused where (1) it would be futile to resort to the IDEA's due process procedures; (2) the agency has adopted a policy of general applicability contrary to law; or (3) it is improbable that adequate relief could be obtained through administrative remedies. *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 199 (2d Cir. 2002). Relatedly, a complaint that "alleges systemic violations that the administrative review process had no power to correct," or that challenges "a policy or practice of general applicability that is contrary to law and not directed at any individual child," falls within the futility exception. *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 112-15 (2d Cir. 2004); *Coleman v. Newburgh Enlarged City Sch. Dist.*, 503 F.3d 198, 204-05 (2d Cir. 2007).

A.H.'s Seventh and Eighth Claims satisfy the exception under the second and third *Murphy* prongs. As discussed above, the complaint alleges the DOE's policy of shifting SETSS costs onto parents is districtwide, not particular to A.H. Compl. ¶¶ 68-69, 89, 123-24, 149, 156. That distinction places the claim within *Attica*'s systemic-violation category, since a challenge to a districtwide policy is not the sort of individualized dispute an IHO or SRO has authority to remedy. *Attica*, 386 F.3d at 115. The relief sought confirms this: A.H. seeks a declaratory judgment that the policy is unlawful and an injunction against its enforcement, Compl. ¶¶ 197, 203, relief an IHO or SRO lacks authority to grant. Because neither form of relief was available

administratively, exhaustion would have been futile, and adequate relief was correspondingly improbable through that process. *Murphy*, 297 F.3d at 199.

Accordingly, A.H.'s Seventh and Eighth Claims were not required to be exhausted, and the DOE's motion to dismiss those claims for failure to exhaust is DENIED.

## III. Conclusion

In sum, Defendant's motion is DENIED as to Plaintiff's Claims.

**SO ORDERED.**

_/S/ Frederic Block____________
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 24, 2026